■ In the Matter of the Claim of LOUISE F. GERARD, Appellant. YWCA ASSOCIATION OF DUTCHESS COUNTY, Respondent; COMMISSIONER OF LABOR, Respondent. [783 NYS2d 163]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 14, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

In December 2001, claimant began working for the employer as an outreach worker in the District Attorney's office. In August 2002, after experiencing a problem with a coworker, she

accepted a transfer out of the District Attorney's office to a lower paying position as a counselor for Battered Women's Services. At the time of the transfer, claimant had hoped to obtain a comparable position in the police department, but was advised that it would not be available until November. In November, she learned that the position had been filled. She subsequently resigned. The Unemployment Insurance Appeal Board denied claimant's application for unemployment insurance benefits on the ground that she voluntarily left her employment without good cause. She now appeals.

Claimant asserts that she left her employment because the employer would not reasonably accommodate her medical disability and, therefore, the Board's decision is not supported by substantial evidence. Based upon our review of the record, we disagree. Claimant testified that she resigned because she felt that she was the target of discrimination in not getting the police department position. The employer's executive director testified that claimant submitted a letter of resignation expressing dissatisfaction with the fact that she did not obtain this position and claiming that a certain individual did not want her to have it. The executive director further indicated that claimant attached to the letter a formal complaint filed with the Dutchess County Department of Personnel detailing problems she experienced with coworkers in the District Attorney's office. Claimant admitted that she would not have resigned had she been offered the position in the police department.

We note that an employee's inability to get along with coworkers (*see Matter of Weaver [Commissioner of Labor]*, 6 AD3d 857 [2004]) or dissatisfaction with promotional opportunities (*see Matter of Vega [Commissioner of Labor]*, 309 AD2d 1134 [2003]) does not constitute good cause for leaving employment. The testimony and evidence provided by claimant to support her assertion that a purported medical disability prevented her from performing her job, which the employer allegedly would not accommodate, presented a credibility issue for the Board to resolve (*see Matter of Nadler [Commissioner of Labor]*, 274 AD2d 825 [2000]).

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.